IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL NEELY,

    Plaintiff,

v.

WAL-MART TRANSPORTATION,
LLC and JOHN DOE,

    Defendants.

CIVIL ACTION
FILE NO. _____

## PETITION OF REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COME NOW, WAL-MART TRANSPORTATION, LLC (hereinafter, "Walmart" or "Defendant"), named Defendant in the above-styled action, and petition this Court for removal of the action herein from the State Court of Dekalb County to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully show the Court as follows:

1.

On May 26, 2022, Plaintiff filed a civil action in the State Court of Dekalb County, Georgia, which is styled as follows: *Michael Neely v. Wal-Mart Transportation, LLC and John Doe*; Civil Action File No. 22A01964. (True and

-1-

correct copies of all process and pleadings received by counsel for Walmart in such action are attached hereto and incorporated herein as Exhibit "A").

2.

Defendant was served on June 2, 2022. Thus, Defendant timely files this Petition of Removal.

3.

Defendant Wal-Mart Transportation, LLC is now, was at the commencement of this suit, and at all times since been a foreign limited liability company formed under the laws of the state of Arkansas and none of its members are Georgia residents. (*See* Exhibit "B" Certificate of Authority to Transact Business)

4.

Plaintiff Michael Neely is a resident of Clayton County, Georgia. (*See* Complaint, ¶ 1).

5.

In the lawsuit, Plaintiff also named John Doe as a defendant. 28 USC § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly,

defendant "John Doe" should be ignored for purposes of establishing diversity jurisdiction.

6.

Plaintiff's Complaint alleges that on or about January 8, 2021, Plaintiff was riding his bike down a pedestrian ramp located on the property of 3184 Fayetteville, Road SE, Atlanta, GA 30316 in Dekalb County, Georgia at the same time Defendant John Doe was operating a tractor-trailer owned by Walmart within the course and scope of his employment with Walmart when Doe struck the Plaintiff with his tractor-trailer. (*See* Complaint, ¶¶ 8-10). Plaintiff claims that he "suffered severe and permanent bodily injury" as a result of the collision. (*See* Complaint, ¶ 31).

7.

Plaintiff claims that he has "incurred $36,000.00 in medical expenses and will continue to incur future medical expense." (*See* Complaint, ¶ 32). Additionally, Plaintiff seeks the full value of his past and future medical expenses, past and future lost wages, mental and physical pain and suffering and emotional distress, and punitive damages from Defendant in an amount to be proven at trial. (See Complaint, *generally*).

8.

The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Parties are not residents of the same state and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) A Defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount. *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996). When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience

and common sense. *Roe v. Michelin North America, Inc.*, 613 F. 3d. 1058, 1064 (11th Cir. 2010).

In Plaintiff's Complaint, he alleges that the subject collision caused him to suffer "severe and permanent bodily injury." Plaintiff has asserted claims of imputed liability and negligent hiring, retention, training, and supervision against Walmart. Further, although Plaintiff's Complaint seeks an unspecified amount of damages, Plaintiff's complaint reveals that he is seeking at least $36,000.00 in past medical expenses, which does not include Plaintiff's claim for future medical expenses. Additionally, while Plaintiff has not quantified his lost wages claim, Plaintiff's lost wages could be a five-figure or even six-figure element of alleged damages. Along with these claimed special damages, Plaintiff is also seeking mental and physical pain and suffering and emotional distress and punitive damages[1].

9.

Because Plaintiff alleges (1) he suffered severe and permanent bodily injury (2) he incurred medical bills of $36,000.00, (3) he has been unable to work and has

---

[1] "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, [cit.], unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted).

a claim for past and future lost wages, and (4) that he is entitled to additional compensatory damages, general damages, special damages (including future medical expenses), and punitive damages, this Court may draw upon judicial experience and common sense to easily conclude that Plaintiff's claims plainly exceed $75,000.00.

10.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendant hereby gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

11.

A true and correct copy of Defendant's Notice of Removal that will be filed in the State Court of Dekalb County, Georgia is attached hereto as Exhibit "C".

12.

This action is currently pending in the State Court of Dekalb County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C. § 1446(a).

13.

A true and correct copy of Defendant's answer filed in the State Court of Dekalb County, Georgia is attached hereto as Exhibit "D".

WHEREFORE, Defendant prays that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Dekalb County, Georgia, and that this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

The undersigned have read this Notice of Removal and, to the best of their knowledge, information, and belief, formed after reasonable inquiry, have determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted, this 1st day of July, 2022.

                                            **DREW ECKL & FARNHAM, LLP**

                                            */s/Michael L. Miller*
                                            Michael L. Miller
                                            Georgia Bar No. 508011
                                            Katherine I. Barton
                                            Georgia Bar No. 882335
                                            *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL NEELY,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART TRANSPORTATION, LLC and JOHN DOE,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. _____ |

**CERTIFICATE OF SERVICE AND COMPLIANCE
WITH LOCAL RULE 5.1(B)**

I HEREBY CERTIFY that I have this day filed the **NOTICE OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon Plaintiff via U.S. Mail, adequate postage prepaid, addressed as follows:

Tim O. Henshaw
Ali Awad Law, P.C.
200 Peachtree Street NW, Suite 201
Atlanta, GA 30303
tim@aliawadlaw.com

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(b).

Respectfully submitted, this 1st day of July, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

12755729/1
05695-236286