# EXHIBIT A

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

MICHAEL NEELY,

        Plaintiff,

v.

WAL-MART TRANSPORTATION, LLC
and JOHN DOE,

        Defendants.

CIVIL ACTION
FILE NO.: _____22A01964_____

**JURY TRIAL DEMANDED**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:    WAL-MART TRANSPORTATION, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Tim O. Henshaw
ALI AWAD LAW, P.C.
200 Peachtree Street, Ste. 201
Atlanta, GA 30303
Telephone: (833) 254-2923
tim@aliawadlaw.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____ day of ___5/26/2022___, 2022.

Clerk of Forsyth County State Court

/s/ Monica Gay
By:_____
Deputy Clerk

[1]

STATE COURT OF
DEKALB COUNTY, GA
5/26/2022 10:56 AM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

MICHAEL NEELY,

                Plaintiff,

v.

WAL-MART TRANSPORTATION, LLC
and JOHN DOE,

                Defendants.

CIVIL ACTION

FILE NO.: __22A01964__

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Michael Neely, Plaintiff, and hereby files this complaint against Defendants, Wal-Mart Transportation, LLC and John Doe, and respectfully shows the court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Michael Neely ("Plaintiff") is a resident of Clayton County, Georgia and is subject to the venue and jurisdiction of this Court.

2.

Defendant  Wal-Mart Transportation, LLC ("Wal-Mart Transportation") is an interstate motor carrier and foreign "for-profit" limited liability company existing under the laws of the state of Delaware with its principal place of business in Bentonville, Arkansas, and may be served through its registered agent, The Corporation Company at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040, and is subject to the venue and jurisdiction of this Court as a joint tortfeasor

[1]

pursuant to the Georgia Nonresident Motorists Act, O.C.G.A. § 40-12-1 *et seq,* and O.C.G.A. § 9-10-91, as well as O.C.G.A. § 14-2-510, *et seq.*

3.

At all times material hereto, Defendant Wal-Mart Transportation was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia.

4.

At all times material to this action, Defendant Wal-Mart Transportation was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

5.

Defendant JOHN DOE ("Defendant Doe") is an unidentified individual who, at all times relevant to this action, was driving a tractor trailer owned by Defendant Wal-Mart Transportation and within the course and scope of his employment of Defendant Wal-Mart Transportation, when he caused the collision in which the Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs damages and is subject to the jurisdiction and venue of this Court.

6.

At all times material hereto, Defendant Wal-Mart Transportation was owner and operator of a commercial motor vehicle as a professional, licensed driver charged with a duty to operate commercial motor vehicle with the requisite professional standard of care.

7.

Jurisdiction and venue are proper in this court.

[2]

## BACKGROUND

8.

On or about January 8, 2021, Plaintiff was riding his bike down a pedestrian ramp located on the property of 3184 Fayetteville, Road SE, Atlanta, GA 30316 in Dekalb County, Georgia.

9.

On or about the same day and time, Defendant John Doe was operating a tractor-trailer owned by Defendant Wal-Mart Transportation, LLC while within the course and scope of his employment as a driver for Defendant Wal-Mart Transportation, LLC.

10.

On this date and time, Defendant John Doe was driving on the property of 3184 Fayetteville, Road SE, Atlanta, GA 30316 in Dekalb County, Georgia when he struck the Plaintiff with his tractor-trailer.

11.

Defendant John Doe was failing to keep a proper lookout.

12.

Defendant John Doe failed to yield the right-of-way.

13.

As a result of the collision, Plaintiff suffered bodily injury.

14.

There was nothing Plaintiff could have done to avoid the collision.

[3]

## COUNT I

## NEGLIGENCE AND *NEGLIGENCE PER SE* OF DEFENDANT DOE

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At all times material hereto, Defendant John Doe was a professional driver with a commercial driver's license operating a commercial motor vehicle under the Georgia laws and regulations for such drivers as well as the Federal laws and regulations for such drivers.

17.

Defendant John Doe was negligent in the following manner:

(a) failure to maintain lane in violation of O.C.G.A. §40-6-71;

(b) failure to exercise due care in violation of O.C.G.A. § 40-6-241;

(c) failing to maintain a proper lookout; and

(d) in any other manner which may be shown at trial.

18.

Defendant John Doe was further negligent in failing to exercise due care in the operation of his tractor-trailer and in colliding with Plaintiff's vehicle.

19.

Defendant John Doe's negligence is the sole and proximate cause of the collision and of Plaintiff's resulting injuries.

[4]

## COUNT II

## IMPUTED LIABILITY

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

At the time of the collision, Defendant John Doe was under dispatch for Defendant Wal-Mart Transportation.

22.

At the time of the subject collision, Defendant John Doe was operating his vehicle on behalf of Defendant Wal-Mart Transportation.

23.

Defendant Wal-Mart Transportation is an interstate contract motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Wal-Mart Transportation in regard to the collision described in this complaint under the doctrine of lease liability, agency, apparent agency, *respondeat superior* or any combination thereof.

## COUNT III

## NEGLIGENT HIRING, RETENTION, TRAINING & SUPERVISION

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

[5]

25.

Defendant Wal-Mart Transportation was negligent in hiring Defendant Doe and entrusting him to drive a tractor-trailer.

26.

Defendant Wal-Mart Transportation was negligent in failing to properly train Defendant Doe.

27.

Defendant Wal-Mart Transportation was negligent in failing to properly supervise Defendant Doe.

28.

Defendant Wal-Mart Transportation was negligent in continuing to retain Defendant Doe as a tractor-trailer driver upon receipt of prior notice that he was unsafe, not properly trained, or otherwise unfit to drive a tractor-trailer.

29.

Defendant Wal-Mart Transportation's negligence in hiring and retaining Defendant Doe and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## DAMAGES

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

[6]

31.

As a result of Defendants' negligence, Plaintiff suffered severe and permanent bodily injury.

32.

As a result of Defendants' negligence, Plaintiff has incurred $36,000.00 in medical expenses and will continue to incur future medical expense.

33.

As a result of Defendants' negligence, Plaintiff has been unable to work and has a claim for past and future lost wages.

34.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

## COUNT V

## PUNITIVE DAMAGES

35.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

36.

Defendants' conduct was reckless, willful, and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

[7]

WHEREFORE, Plaintiff prays that he has trial on all issues and judgment against Defendants as follows:

(a)     That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

(d)     That Plaintiff recover such other and further relief as is just and proper; and

(e)     That all issues be tried before a jury.

This the 26th day of May, 2022.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw
TIM O. HENSHAW
State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923 ext. 724
F: (706) 528-5090
tim@aliawadlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
5/26/2022 10:56 AM
E-FILED
BY: Monica Gay

[8]

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

MICHAEL NEELY,

             Plaintiff,

v.

WAL-MART TRANSPORTATION, LLC
and JOHN DOE,

             Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART TRANSPORTATION, LLC

COMES NOW, Michael Neely, by and through their counsel of record, and submits the following Request for Production of Documents to Defendant Wal-Mart Transportation, LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

#### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars,

bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Subject Collision**" means the collision described in the Complaint.

5. "**You**," "**Your**," or "**Wal-Mart Transportation**" means Defendant Wal-Mart Transportation, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6. "**Doe**" means Defendant John Doe.

7. "**Plaintiff**" means the Plaintiff herein, namely Michael Neely.

8. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

9. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

10. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "all" includes "any."

11. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Wal-Mart Transportation.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for Wal-Mart Transportation at any time between the time of the Subject Collision and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.

**REQUEST NO. 4:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### DRIVER

**REQUEST NO. 5:**   All documents setting forth the relationship between Doe and Wal-Mart Transportation.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 6:**   The contents of Doe's driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.  The requested documents include, but are not limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto.  If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Doe, including without limitation any investigation of Doe's qualifications, character, driving history, training, criminal history, drug use, financial

responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Wal-Mart Transportation. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**    All documents that relate in any way to your recruiting of Doe.

**REQUEST NO. 9:**    All documents that relate in any way to you hiring Doe.

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by Wal-Mart Transportation to Doe.

**REQUEST NO. 11:**   All documents that relate in any way to the training Wal-Mart Transportation provided to Doe, concerning driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques. Please include all documents that identify when, where and who provided the training and all materials used for training.

**REQUEST NO. 12:**   All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of Wal-Mart Transportation to Doe at any time. An answer key should also be provided.

**REQUEST NO. 13:**   All documents (a) explaining how Doe was compensated for the one month leading up to and including the date of the Subject Collision and extending one week after the date of the Subject Collision; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to Doe (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:**   All documents placing you on notice of any violation by Doe of any law, ordinance or regulation. This includes, but is not limited to, reports of violations pursuant to

Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**REQUEST NO. 16:** All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Doe in your possession, custody and/or control.

**REQUEST NO. 17:** All documents relating to any violation of any safety rule or principle by Doe at any time while working at Wal-Mart Transportation.

**REQUEST NO. 18:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Wal-Mart Transportation directed to Doe for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Doe in any way relating to the safe operation of a commercial vehicle. This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** All documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Doe has been involved.

**REQUEST NO. 20:** All documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Doe. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Doe was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the

Subject Collision. This includes all devices, whether owned by Doe or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:** All documents prepared by Doe that describes the Subject Collision or the circumstances leading up to the Subject Collision.

**REQUEST NO. 23:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Doe that has not been produced in response to the preceding Requests.

**REQUEST NO. 24:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Doe in any way, that has not been produced in response to other Requests above.

**HOURS OF SERVICE RELATED DOCUMENTS**

**REQUEST NO. 25:** A copy of all Doe's hours of service logs and any other driving logs and/or time sheets for the period beginning eight days before the Subject Collision and ending two days following the Subject Collision.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Doe was doing for the time period beginning eight days before the Subject Collision and ending two days following the Subject Collision. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

    a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b. All documents that could be used to check the accuracy of Hours of Service logs and/or

time sheets;

c.  All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.  All documents evidencing any and all stops; and

e.  All driver call in reports and any other documentation of any communications between you and Doe.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:** All audits and summaries of Doe's hours of service covering the period beginning one year prior to the Subject Collision and ending 14 days following the Subject Collision.

## VEHICLE INFORMATION

**REQUEST NO. 28:** For the tractor involved in the Subject Collision, produce the

following documents:

      a.     Title;

      b.     Registration;

      c.     Operators manual;

      d.     Maintenance Schedules;

      e.     All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

      f.     All documents evidencing any inspections of the tractor during the 6 months before the Subject Collision;

      g.     All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Collision;

      h.     All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

      i.     All leases involving the vehicle;

      j.     Documents evidencing the purchase of the vehicle;

      k.     Documents evidencing the sale of the vehicle if it has been sold;

      l.     Documents evidencing mileage and weight at time of the Subject Collision; and

      m.     Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** For the trailer(s) involved in the Subject Collision, produce the following documents:

      a.     Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within 6 months before the Subject Collision;

f.      All documents evidencing any inspections of the trailer during the 6 months before the Subject Collision;

g.      All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the Subject Collision;

h.      All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:** If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to

cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 31:** If any data is available (whether or not downloaded or retrieved) from the trailer(s) or any part or system from the trailer(s) (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 32:** If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:** All communications and transmissions between Doe and Wal-Mart Transportation that were transmitted through any system on-board of the tractor or trailer(s) involved in the Subject Collision for the period beginning 30 days before the Subject Collision and ending seven days after the Subject Collision. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**REQUEST NO. 34:** If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:** To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer(s) and/or anything inside or connected to any part or system of the tractor and/or trailer(s) that were

involved in the Subject Collision.

**REQUEST NO. 36:** A copy of each out of service report or violation concerning the tractor and/or the trailer(s) involved in the Subject Collision from the period beginning one year prior to the Subject Collision through present. This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 37:** All documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

**REQUEST NO. 38:** Produce all documents related to any settlement for property damage, cargo losses or injuries arising out of the Subject collision, e.g., receipt*(s)*, release*(s)*, demand(s), assignment*(s)*, etc.

**REQUEST NO. 39:** For the tractor and trailer(s) involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the Subject Collision and ending one week after the Subject Collision.

**REQUEST NO. 40:** Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Collision for the tractor and trailer(s).

### LOAD

**REQUEST NO. 41:** All documents that relate to the load being hauled by Doe at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

### SUBJECT COLLISION

**REQUEST NO. 42:**  All documents authored by anyone working for or on behalf of Wal-Mart Transportation that set forth any facts relating to the Subject Collision.

**REQUEST NO. 43:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 44:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

        a.     Any vehicle involved in the Subject Collision;

        b.     Any person involved in the Subject Collision;

        c.     The scene of the Subject Collision; and/or

        d.     Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 45:**  All reports (you know what this means and it is not vague) relating to the Subject Collision including those prepared by Doe and those prepared by anyone working for or on behalf of Wal-Mart Transportation (except lawyers).

**REQUEST NO. 46:**  All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 47:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 48:**  If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

a.  A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

b.  A copy of all reports and documents (as defined) of any kind generated by said board or entity;

c.  Documents evidencing who was on the board;

d.  Documents evidencing all criteria for review; and

e.  Determination of preventability and all other conclusions reached by said board or entity.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 49:**  All documents sent to or received from any governmental agency regarding the Subject Collision, the driver involved in the Subject Collision, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 50:**  All documents and communications of any kind related to any CSA Intervention against your company in the past two years.

## POLICY AND PROCEDURES

**REQUEST NO. 51:**  All Wal-Mart Transportation policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Collision, relating to:

a.  Working for or with trucking company generally (e.g., employee manual or handbook);

b.  Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.  Operation of a commercial vehicle;

    d.      Driving safety;

    e.      Defensive driving;

    f.       Compliance with federal and state laws and regulations;

    g.      Accident investigation;

    h.      Accident review boards;

    i.       Determination of preventability of accidents;

    j.      Hiring, training and supervising drivers; and

    k.      Disciplinary actions.

**REQUEST NO. 52:** Copies of each document that Doe signed to prove that Doe received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of Wal-Mart Transportation.

**REQUEST NO. 53:** To the degree that Wal-Mart Transportation has any rules, policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to Doe before the Subject Collision, please produce them now.

**REQUEST NO. 54:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by Wal-Mart Transportation, its personnel, agents, or employees during the year of the Subject Collision and three years prior.

**REQUEST NO. 55:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>**TRUCKING COMPANY**</u>

**REQUEST NO. 56:**  Copy of documents showing the hierarchy of managerial positions in the Safety Department at Wal-Mart Transportation and who occupied such positions as of the time of the Subject Collision and presently.

**REQUEST NO. 57:**  A copy of each document (including articles and presentations) prepared and/or presented by any Wal-Mart Transportation representative relating to defensive driving techniques in the past five years.

**REQUEST NO. 58:**  All company newsletters distributed during the period beginning two years before the Subject Collision and present.

**REQUEST NO. 59:**  A copy of Wal-Mart Transportation' accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 60:**  Transcripts or recordings of all depositions of corporate designees for Wal-Mart Transportation given in the past five years in cases where it was alleged that a driver working for Wal-Mart Transportation rear ended another vehicle and thereby caused injury or death to another person.

**REQUEST NO. 61:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Collision

**REQUEST NO. 62:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 63:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

       a.     A copy of all documents (as that term is defined above) and items of any

kind produced **to** said expert;

b.    A copy of all documents (as that term is defined above) and items of any

kind generated or produced **by** said expert;

c.    A copy of the entire file of said expert;

d.    A current résumé or curriculum vitae for said expert; and

e.    All billing records and work logs for said expert.

**REQUEST NO. 64:** All documents and other materials which support any contention

that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 65:** All diagrams, graphs, illustrations, photographs, charts, pictures,

models, blow-ups, or any other document or thing, including electronically created charts,

animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial

of this case not previously supplied.

**REQUEST NO. 66:** Produce each document or thing that you contend is evidence, proof,

or support of your claims on any issue of negligence or causation as to the Subject Collision,

including but not limited to admissions of fault, engineering analysis, scientific tests, and official

or unofficial reports.

This 26th day of May, 2022.                    **ALI AWAD LAW, P.C.**

                                              /s/Tim O. Henshaw
                                              TIM O. HENSHAW
                                              State Bar No. 835848
                                              Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

MICHAEL NEELY,

          Plaintiff,

v.

WAL-MART TRANSPORTATION, LLC
and JOHN DOE,

          Defendants.

CIVIL ACTION 22A01964

FILE NO.: _____

**JURY TRIAL DEMANDED**

## 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that I have served a copy of Plaintiffs' First Interrogatories to Defendant, Plaintiff's First Request for Production of Documents to Defendant and Plaintiff's Request for Admissions to Defendant upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office in the County in which the defendant resides or other proper process server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

Wal-Mart Transportation, LLC
c/o The Corporation Company
106 Colony Park Drive, Suite 800-B
Cummings, GA 30040

This the 26th day of May, 2022.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw
TIM O. HENSHAW
State Bar No. 835848
Attorney for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA
5/26/2022 10:56 AM
E-FILED
BY: Monica Gay

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923 x.724
F: (706) 528-5090
tim@aliawadlaw.com

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

MICHAEL NEELY,

           Plaintiff,

v.

WAL-MART TRANSPORTATION, LLC
and JOHN DOE,

           Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT WAL-MART TRANSPORTATION, LLC

COMES NOW, Michael Neely, Plaintiff, by and through their counsel of record, and submits the following written Interrogatories to Defendant Wal-Mart Transportation, LLC ("Wal-Mart Transportation") PURSUANT to the Georgia Civil Practice Act, for answer as provided by law.

#### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps,

analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)    **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. **"Subject Collision"** means the collision described in Plaintiff's Complaint.

5. "**You**," "**Your**," or **"Wal-Mart Transportation"** means Defendant Wal-Mart Transportation, LLC, and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6. "**Plaintiff**" means the Plaintiff herein, namely Michael Neely.

7. "**Doe**" means Defendant John Doe.

8. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

9. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

10. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

11. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

## WAL-MART TRANSPORTATION INFORMATION

1.

If you contend that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people:

(a)     The Safety Director/Chief Safety Officer for Wal-Mart Transportation on the date of the Subject Collision and now;

(b)     The person(s) primarily responsible for compliance with state and federal safety regulations at Wal-Mart Transportation on the date of the Subject Collision and now;

(c)     The person(s) responsible for training ; and

(d)     Doe's supervisor and manager on the date of the Subject Collision.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Wal-Mart Transportation's driver's actions in the past three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state agency and Wal-Mart Transportation that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years. This would include, but is not limited

to, all letters, interventions, complaints, warnings, citations, and safety ratings.

<u>**VEHICLE INFORMATION**</u>

5.

With respect to the <u>tractor</u> operated by Doe at the time of the Subject Collision, provide the following information:

(a)   Identify the registered owner, lessor (if any) and lessee (if any) on the date of the Subject Collision and presently.

(b)   Provide the mileage and gross weight at the time of the Subject Collision;

(c)   For the engine, identify the manufacturer, year, model and identification number;

(d)   Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)   Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(f)   Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis,

GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system;  any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)     Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

6.

With respect to the trailer operated by Doe at the time of the Subject Collision, provide the following information:

(a)     Identify the registered owner, lessor (if any) and lessee (if any) on the date of the Subject Collision and presently.

(b)     Provide the mileage and gross weight at the time of the Subject Collision;

(c)     Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)     Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking

system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)     Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

### TRIP AND HOURS OF SERVICE INFORMATION

#### 7.

With respect to the trip that Doe was on at the time of the Subject Collision, provide the following information:

(a)     Identify all shippers and brokers involved;

(b)     Explain where and when (date and time) Doe picked up the load he had at the time of the Subject Collision;

(c)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)     Identify the location, time, duration and reason for each stop Doe made from the time he picked up the load until the time of the Subject Collision; and

(e)     Identify the route Doe intended to follow from the point of origin to the point of destination.

#### 8.

With respect to Doe's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a) Identify all errors on Doe's logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c)     Explain what you have done, if anything, to audit or verify the accuracy of Doe's logs and identify all persons involved in the process; and,

(d)     Identify all documents and data of any kind that you used to audit or verify the accuracy of Doe's logs.

9.

For the 72 hours leading up to the Subject Collision, provide the following information regarding Doe:

(a) Identify all driving hours;

(b) Identify all on-duty not driving hours (location and activities);

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten;

(e) Identify when and where Doe slept; and

(f) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

If Wal-Mart Transportation performs hours of service log audits on drivers,

(a) Explain what is entailed in the auditing process;

(b) Identify all documents and data used in the process;

(c) Identify who performs the audits (in-house or outsourced);

(d) Identify when, if ever, Doe's logs were audited; and

(e) Identify all Hours of Service violations of which you are aware for Doe while he was working with your company.

## DRIVER INFORMATION

### 11.

With Respect to Doe, provide the following information:

(a)     Explain the relationship between Wal-Mart Transportation and Doe at the time of
        the Subject Collision (e.g., leased driver, company driver, etc.);

(b)     Explain how Doe was paid for driving (by hour, by load, by mile, salary or other);

(c)     Explain all steps Wal-Mart Transportation undertook to qualify Doe in accord with
        the Federal Motor Carrier Safety Regulations; and

(d)     Identify when Wal-Mart Transportation's relationship with Doe began and ended.

### 12.

Was Doe acting within the course and scope of his employment or agency at the time of
the Subject Collision?  If not, explain the basis for your contention and identify documents and
witnesses that support your contention.

### 13.

Identify and describe all formal and informal disciplinary and/or counseling actions
undertaken by Wal-Mart Transportation regarding Doe at any time.

### 14.

Describe in detail all training and education (including on the job training) provided by or
on behalf of Wal-Mart Transportation to Doe at any time and in any way related to the operation
of a commercial motor vehicle.

### 15.

Identify all traffic violations committed by Doe, while in your employ or in previous
employment.

16.

If Doe has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

17.

Did Doe have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

18.

For each motor vehicle collision/accident involving Doe, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If Doe had ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between Doe and anyone acting for or on behalf of Wal-Mart Transportation during the twenty-four (24) hours before and after the Subject Collision.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

### REGULATIONS AND POLICIES

21.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Doe at the time of the Subject Collision, explain the basis for your contention and identify all facts,

witnesses, and documents that support your contention.

22.

Identify all Wal-Mart Transportation policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions concerning safe driving and/or defensive driving that were made available or provided by Wal-Mart Transportation to Doe during his employment with Wal-Mart Transportation.

### INVESTIGATION OF SUBJECT COLLISION

23.

Describe in detail when and how you first became aware that Doe was involved in the Subject Collision. Please include the identification of all persons involved and what information was conveyed.

24.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

25.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Wal-Mart Transportation believes may have relevant testimony of any kind in connection with this case.

26.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case. For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

27.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Doe after the Subject Collision occurred. If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.

As to any tests, inspections, measurements mapping, photography, videography, and/or investigations performed by or on behalf of Wal-Mart Transportation, or of which you are at all aware regarding in any way the Subject Collision and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

29.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

30.

If you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

31.

If Wal-Mart Transportation has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

## INSURANCE

32.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

33.

If anyone working for or on behalf of Wal-Mart Transportation has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

## EXPERTS

### 34.

Identify each person Wal-Mart Transportation expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**ALI AWAD LAW, P.C.**

*/s/*Tim O. Henshaw
TIM O. HENSHAW
State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

|  |  |
|---|---|
| MICHAEL NEELY,<br><br>                  Plaintiff,<br><br>v.<br><br>WAL-MART TRANSPORTATION, LLC<br>and JOHN DOE,<br><br>                  Defendants. | CIVIL ACTION<br><br>FILE NO.: _____<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT WAL-MART TRANSPORTATION, LLC

COMES NOW, Michael Neely, Plaintiff, in the above-captioned lawsuit and pursuant to O.C.G.A. § 9-11-36 hereby propounds the following Requests for Admission to Defendant Wal-Mart Transportation, LLC ("Wal-Mart Transportation") for response within thirty (45) days from the date of service.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. **"Subject Collision"** means the collision that is the subject of this lawsuit that occurred on I-75/85 in Fulton County, Georgia on January 8, 2021, involving Defendant John Doe and Plaintiff Michael Neely.

2. **"You," "Your,"** or **"Wal-Mart Transportation"** means Defendant Wal-Mart Transportation, LLC, and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

3. **"Doe"** means Defendant John Doe.

4. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant John Doe at the time of the Subject Collision.

5. "**Plaintiff**" or "**Neely**" means Plaintiff Michael Neely.

## REQUESTS FOR ADMISSION

1.

Wal-Mart Transportation is a proper party to this lawsuit.

2.

Wal-Mart Transportation is properly named in this lawsuit.

3.

Service was proper on Wal-Mart Transportation in this case.

4.

Wal-Mart Transportation is subject to the jurisdiction of this Court.

5.

Venue is proper as to Wal-Mart Transportation in this Court.

6.

Wal-Mart Transportation was a motor carrier as defined by federal law and regulations at the time of the Subject Collision.

7.

On January 8, 2021, the Tractor-Trailer being operated by Doe was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

At the time of the Subject Collision, Doe was required to follow all applicable standards set forth in the Commercial Driver License Manual.

9.

At the time of the Subject Collision, Doe was required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

10.

At the time of the Subject Collision, the Tractor-Trailer being operated by Doe was operating under the motor carrier authority of Wal-Mart Transportation

11.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

12.

There is no evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

13.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

14.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

15.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

16.

Plaintiff has no responsibility for causing the Subject Collision.

17.

Doe is partially responsible for causing the Subject Collision.

18.

Doe is fully responsible for causing the Subject Collision.

19.

You are not aware of any evidence or proof that someone other than Doe was the proximate cause of the Subject Collision.

20.

No person or entity other than Doe has responsibility for causing the Subject Collision.

21.

Wal-Mart Transportation is responsible for any award of compensatory damages a jury awards as a result of Doe's negligence.

22.

Doe was the primary cause of the Subject Collision.

23.

You made a preventability determination with regard to the Subject Collision.

24.

You determined the Subject Collision was preventable.

This 26th day of May, 2022.

ALI AWAD LAW, P.C.

/s/Tim O. Henshaw
TIM O. HENSHAW
State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com